**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA;**

    **Respondent/Plaintiff,**

    **v.**                                               **Criminal Action No. 3:99-CR-42-3**
                                                              **Civil Action Nos. 3:00-CV-110**
**TERRY LEE SHIFFLETT;**                                    **and 3:05-CV-65**
                                                                                   **(Bailey)**

    **Movant/Defendant.**

## ORDER

On this day, the above-styled criminal action came before this Court for consideration of the defendant's Motion for Relief from Final Judgment Order[s] Denying 28 U.S.C. § 2255 Motion[s] to Vacate Sentence [Cr. Doc. 596], filed January 23, 2012. In support of his motion, the defendant asserts that "granting relief from judgments under Rule 60(b)(6) [of the Federal Rules of Civil Procedure] is highly appropriate in this case" for a number of reasons [*Id.* at 14].

First, the defendant argues that, in the orders denying his motions to vacate his sentence, the Court's interpretation of the relevant law was "[p]atently [e]rroneous" based upon the facts of his case [*Id.* 14-16]. Second, the defendant argues that the Court erred by failing to conduct evidentiary hearings [*Id.* at 16-20]. Third, the defendant argues that, if his case were to be reopened and an evidentiary hearing were to be held, he could show that he is entitled to relief [*Id.* at 21-24]. Fourth, the defendant argues that the Government's conduct in this proceeding constituted an extraordinary circumstance upon

1

which relief should be granted under Rule 60(b)(6) [*Id.* at 24-27]. Fifth, the defendant argues that he was denied procedural due process when the Court failed to rule on the merits of his claim [*Id.* at 28-30]. Sixth, the defendant argues that his failure to appeal the orders was based upon extraordinary circumstances [*Id.* at 30-32]. Finally, the defendant argues that his motion should be considered timely under the "[w]ithin [a] [r]easonable [t]ime" requirement [*Id.* at 32-33].

## BACKGROUND

On May 30, 2000, the defendant was sentenced to 60 months and 168 months to be served consecutively [Cr. Doc. 220 at 2]. The defendant filed his first Motion to Vacate, Set Aside or Correct Sentences pursuant to 28 U.S.C. § 2225 on October 24, 2000 [Cr. Doc. 248; 3:00-CV-110 Doc. 1]. On December 28, 2000, the Court entered an Order Adopting Report and Recommendation in which the Court denied the defendant's first § 2255 motion [Cr. Doc. 272; 3:00-CV-110 Doc. 3]. The defendant did not appeal this decision [*See* Docket Sheets for 3:99-CR-42-3 and 3:00-CV-110].

On March 15, 2005, the Court reduced the defendant's sentence to 60 months and 140 months to be served consecutively [Cr. Doc. 392 at 3]. The Court then entered an amended judgment reflecting those changes on March 22, 2005 [Cr. Doc. 393]. The defendant filed his second § 2255 motion on July 20, 2005 [Cr. Doc. 426; 3:05-CV-65 Doc. 1]. On August 17, 2006, the Court entered an Order Adopting Report and Recommendation, which denied the defendant's July 20, 2005, Motion to Vacate, Set Aside or Correct Sentences pursuant to 28 U.S.C. § 2225 [Cr. Doc. 467; 3:05-CV-65 Doc. 4]. Again, the defendant did not appeal the Court's decision [*See* Docket Sheets for 3:99-CR-42-3 and 3:05-CV-65].

2

## APPLICABLE LAW

Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). Such a motion "must be made within a reasonable time . . .." FED. R. CIV. P. 60(c)(1).

Even if a movant titles his or her Motion for Relief from Judgment or Order a Rule 60(b)(6) motion, if it is actually being brought pursuant to the grounds listed in Rule 60(b)(1)-(3), then it is subject to a specific time frame. *See* Fed. R. Civ. P. 60(c)(1). Accordingly, a motion based upon the following grounds must be brought within one year after the entry of the judgment or order or the date of the proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) new discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

*See* FED. R. CIV. P. 60(b)(1)-(3) and Rule 60(c)(1).

The Fourth Circuit Court of Appeals ("Fourth Circuit") has stated that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." **Aikens v. Ingram**, 652 F.3d 496, 501 (4th Cir. 2011) (citing **Liljeberg v. Health Srvcs. Acquisition Corp.**, 486 U.S. 487 (1988)(Rehnquist, dissenting opinion)). Accordingly, the "any other reason" clause of the rule will be invoked only where a party can demonstrate "extraordinary circumstances." *Id.* at 500-01. Furthermore, relief will not be granted under

3

this clause when the grounds raised by the movant could have been raised on appeal from the judgment because this rule was not intended to serve as a substitute for such an appeal. *Id.* at 501 (citing **Dowell v. State Farm Fire & Cas. Auto Ins. Co.**, 993 F.2d 46, 48 (4th Cir. 1993)).

## ANALYSIS

In this case, the defendant states that he has brought his motion pursuant to Rule 60(b)(6); however, some of the grounds that he lists in support of his motion actually fall under 60(b)(1)-(3).[1] To the extent that this motion is based upon these grounds, this Court finds that it has not been timely filed. The orders from which the defendant seeks relief were entered on December 28, 2000, and August 17, 2006 [*See* 3:00-CV-110 Doc. 3 and 3:05-CV-65 Doc. 4]. The defendant has brought this motion more than five years after the August 2006 order and eleven years after the December 2000 order; accordingly, this motion has not been timely filed for purposes of the grounds pursuant to Rule 60(b)(1)-(3), and this Court will not grant the relief requested under these provisions of the rule.

To the extent that the defendant attempts to demonstrate "exceptional circumstances" to fall under the more lenient standard for Rule 60(b)(6) for the remaining grounds, this Court finds that the defendant has failed to meet this standard. Even if this Court were to consider the motion to be timely filed, the defendant failed to appeal either order [*See* Docket Sheets for 3:00-CV-110 and 3:05-CV-65]. The defendant argues that

---

[1] The defendant states that "previously unavailable evidence" supports his motion [Doc. 596 at 33], which falls under Rule 60(b)(2). The defendant also states that conduct of the Government's attorney violated the defendant's due process of law rights [*Id.* at 24-27], which falls under Rule 60(b)(3). The defendant further states that such conduct constituted fraud upon the Court [*Id.*], which also falls under Rule 60(b)(3).

4

he has been "hindered in invoking his appellate rights by a lack of knowledge of the law and legal procedure," including a "lack of knowledge of the mode and manner of noting an appeal" [Doc. 596 at 31]. However, the defendant proceeds to state that he believed that an appeal of either § 2255 motion would not be heard by the Fourth Circuit [*Id.* at 31-32], thereby supporting a conclusion that the defendant made a conscious decision to refrain from filing an appeal.

Moreover, this case is distinguishable from the exception from the appeal requirement that the Fourth Circuit identified in a case involving a prompt filing of a Rule 60(b)(6) motion. See **Aikens**, 652 F.3d at 505 (referring to **White v. Investors Mgmt. Corp.**, 888 F.2d 1036, 1040-41 (4th Cir. 1989) (excusing the movant's failure to appeal where the movant promptly filed the Rule 60(b)(6) motion within thirty days of the date of the order)). The defendant in this case filed his Rule 60(b)(6) motion more than 2000 days from the date of the August 2006 order and 4000 days from the date of the December 2000 order; as such, this Court finds that the defendant does not fall under the promptly-filed exception identified by the Fourth Circuit in **White**. Accordingly, the remaining grounds that could have been raised on appeal cannot now serve as a basis for a Rule 60(b)(6) motion. See **Aikens**, 652 F.3d at 501.

## CONCLUSION

For the foregoing reasons, this Court hereby **DENIES** the defendant's Motion for Relief from Final Judgment Order[s] Denying 28 U.S.C. § 2255 Motion[s] to Vacate Sentence **[Cr. Doc. 596]**.

It is so **ORDERED**.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record and to the *pro se* defendant.

**DATED**: February 2, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE